UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:   PLATINUM OIL PROPERTIES, LLC,                     No. 11-09-10832 JA

Debtor.

## ORDER DENYING PLATINUM OIL PROPERTIES, LLC'S
## MOTION TO RECONSIDER ORDER AND MEMORANDUM OPINION

THIS MATTER is before the Court on Platinum Oil Properties, LLC's Motion to Reconsider Order and Memorandum Opinion ("Motion"). The Court heard oral argument on the Motion on October 21, 2011 and took the matter under advisement. Roger Jones appeared at the hearing on behalf of the Debtor, Platinum Oil Properties, LLC ("Platinum"). Robert Labate and Shannon Atcitty appeared at the hearing on behalf of the Jicarilla Apache Nation (the "Nation"). Platinum requests the Court to reconsider its Memorandum Opinion and Order Denying Cross-Motions for Summary Judgment ("Order") pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 59 of the Federal Rules of Civil Procedure.[1] The Memorandum Opinion and Order determined, among other things, that the confirmed plan of reorganization in the Golden Oil Company, Inc. ("Golden Oil") bankruptcy case did not provide for a transfer of the operating rights and working interests at issue in this bankruptcy case (referred to herein as "Operating Rights and Working Interests") to Platinum. For the reasons set forth below, the Court will deny the Motion.[2]

---

[1] Unless otherwise defined in this Order, capitalized terms have the meanings ascribed to them in the Memorandum Opinion and Order.

[2] In its Memorandum Opinion and Order, the Court applied the parol evidence rule. Platinum asserts that the Court erred in its application of the parol evidence rule. Although the Nation made arguments in connection with the cross motions for summary judgment based on the plain language of the Golden Oil Plan and other documents, the Nation did not specifically invoke the parol evidence rule and its application was not briefed or argued. As a result, the Court fixed a briefing schedule and held oral argument on Platinum's Motion.

RULE 59 STANDARDS

Motions for reconsideration filed within fourteen days of the entry of a judgment or order are governed by Rule 59, Fed.R.Civ.P. *See* Rule 9023, Fed.R.Bankr.P. (" . . . Rule 59 F.R.Civ.P. applies in cases under the Code. A motion for a new trial or to alter or amend a judgment shall be filed . . . no later than 14 days after entry of judgment.")[3] The Memorandum Opinion and Order was entered on August 12, 2011. Platinum filed the Motion on August 26, 2011, on the fourteenth day following the entry of the Memorandum Opinion and Order. The Court will, therefore, consider the Motion under the standards applicable to Rule 59, Fed.R.Civ.P. It is appropriate to grant a motion to reconsider pursuant to Rule 59, Fed.R.Civ.P. when there is (1) an intervening change in the controlling law; (2) new evidence previously unavailable for the Court to consider; or (3) a need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir. 1995)(same). Reconsideration may also be warranted when "the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination." *Sunflower Racing, Inc. v. Mid-Continent Racing & Gaming Co. I (In re Sunflower Racing, Inc.),* 223 B.R. 222, 223 (D.Kan. 1998)(citations omitted). However, Rule 59(e), Fed.R.Civ.P. does not afford parties seeking relief an opportunity to raise new arguments, or to "rehash arguments previously considered and rejected by the court." *Id.* Platinum does not assert that there is new evidence that was previously unavailable for the Court to consider or

---

[3]*See also, Buchanan v. Sherrill,* 51 F.3d 227, 230 n.2 (10th Cir. 1995) ("No matter how styled, we construe a post-judgment motion served within ten [now fourteen] days of the entry of judgment and challenging the correctness of the judgment as a motion under Rule 59(e).")(citation omitted). Rule 9023, Fed.R.Bankr.P. was amended effective December 1, 2009 to increase the time from ten to fourteen days.

that there is an intervening change in controlling law. Rather, Platinum contends that the Court's Memorandum Opinion contains errors of law that require correction.[4]

APPLICATION OF THE RULE 59 STANDARDS TO PLATINUM'S ARGUMENTS

Platinum primarily argues that the Court erred by excluding evidence under the parol evidence rule that would establish that Platinum, not the McKay-Lotspeich-Group ("MLG"), was the intended transferee of the Operating Rights and Working Interests under the Golden Oil Plan. Platinum also asserts that the Court erred as a matter of law in determining that the Nation can modify the provisions of the Jicarilla Leases governing assignment and in concluding that the Department of the Interior did not approve the transfer of Operating Rights and Working Interests to Platinum.

> A. *The Court did not improperly refuse to consider parol evidence to interpret the Golden Oil Plan.*

Platinum asserts that the Court erred in refusing to consider evidence that would demonstrate that Platinum, not MLG, was the intended transferee of the Operating Rights and Working Interests. In positing this argument Platinum asserts that the court erroneously failed to apply the Texas parol evidence rule as required by the Golden Oil Plan. Further, Platinum asserts that because the Nation did not object to the admissibility of certain evidence in connection with the cross-motions for summary judgment, that evidence necessarily was admitted and the Nation waived any argument that the evidence should be excluded based on the parol evidence rule. Because the evidence was admitted, Platinum concludes that the Court was bound to consider it. Platinum additionally asserts that the confirmed Golden Oil plan was not a complete or integrated document; consequently the Court should have considered extrinsic

---

[4] *See Yost v. Stout,* 607 F.3d 1239, 1243 (10th Cir. 2010)("Where the motion seeks a substantive change in the district court's judgment or otherwise questions its substantive correctness, the motion is a Rule 59 motion, regardless of its label.")(citations omitted).

-3-

evidence to determine what the parties intended. Platinum further argues that nothing in the parol evidence rule excludes evidence of occurrences that happened *subsequent* to the agreement, and that the Court, therefore, should have considered evidence of the parties conduct after the date the confirmation order was entered in the Golden Oil bankruptcy case to interpret the meaning of the Golden Oil plan, the Golden Oil Confirmation Order, and the Golden Oil Settlement Agreement. Finally, Platinum argues that parol evidence is admissible because interpretation of the plan to mean that MLG was the intended transferee of the Operating Rights and Working Interests would produce an absurd result. This Court disagrees.

      1.    <u>The Court's Decision Would Be the Same Whether the Federal or Texas Parol Evidence Rule Applies.</u>

At oral argument and in its Motion Platinum argued that the Court is required to apply the Texas parol evidence rule because the confirmed Golden Oil plan so requires.[5] The Court need not decide whether it should apply the parol evidence rule under the federal common law[6] or Texas common law to interpret the Golden Oil Settlement Agreement, Golden Oil Plan and Golden Confirmation Order, because the applicable Texas law on use of parol evidence to interpret a contract is consistent with the Court's ruling. Under Texas law, the Court must *first* determine whether the terms in contract at issue are ambiguous *before* resorting to extrinsic

---

[5] Section 17.5 of the Golden Oil plan provides:
    Governing Law. Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules), the laws of (i) the State of Texas shall govern the construction and implementation hereof and any agreements, documents, and instruments executed in connection with this Plan and (ii) the laws of the state of incorporation, formation, or organization, as applicable, of the Debtor shall govern corporate governance matters with respect to the Debtor, in either case without giving effect to the principles of conflicts of law thereof.

[6] *Compare In re Harvey*, 213 F.3d 318, 321-22 (7th Cir. 2000) (suggesting that the federal nature of bankruptcy and the strong need for uniformity of approach suggests that an analogy could be drawn to using federal common law to interpret confirmed bankruptcy plans the same as federal law is used to construe federal court consent decrees) *with In re The Standard Beef Co.*, 2011 WL 2014331, *6 (Bankr. D.Conn. May 23, 2011)(stating that "'[c]onfirmed plans of reorganization are judgments of the Federal court, but they are construed in accordance with State law.'")(quoting *JMB Capital Partners, L.P. v. CRT Capital Group LLC (In re NTL, Inc.),* 295 B.R. 706, 717 (Bankr.S.D.N.Y. 2003)). *Cf. Harris v Allstate Ins. Co.*, 300 F.3d 1183, 1194 (10th Cir. 2002)(In a federal question case, federal law governs the applicability of the parol evidence rule.).

evidence to interpret the contract terms. *See David J. Sacks, P.C. v. Haden*, 266 S.W.3d 447, 451 (Tex. 2008)("An unambiguous contract will be enforced as written, and parol evidence will not be received for the purpose of creating an ambiguity or to give the contract a meaning different from that which its language imports.")(citation omitted). "Ambiguity does not arise simply because the parties advance conflicting interpretations of the contract; rather, for an ambiguity to exist, both interpretations must be reasonable." *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 861 (Tex. 2000) (citations omitted). If the language of the contract can be given a definite legal meaning, and is not reasonably susceptible to more than one meaning, the contract is unambiguous. *Id.* This Court found that the Golden Oil Settlement Agreement, Golden Oil Plan and Golden Oil Confirmation Order each unambiguously provided that MLG was to be the transferee of the Operating Rights and Working Interests. *See* Memorandum Opinion, pp. 25- 32 (Docket No. 258).

Under Texas law the parol evidence rule permits the Court to resort to extrinsic evidence to reform an unambiguous contract based on mutual mistake.[7] However, the contractual doctrine of reformation of a contract based on mutual mistake does not apply to a confirmed chapter 11 plan. As this Court has observed,

> A confirmed chapter 11 plan "has some indicia of a contract .…Yet, it is also clear a confirmed plan is much more than a contract. For example, once confirmed, a plan is enforceable as a court order against parties who did not even agree to its terms." *United States Trustee v. CF & I Fabricators of Utah, Inc. (In re CF & I Fabricators of Utah, Inc.)*, 150 F.3d 1233, 1239 (10th Cir.1998). A confirmation order is an order of the court with the binding effect of a final judgment. Rule 9024, Fed.R.Bankr.P., makes Rule 60, Fed.R.Civ.P., applicable to cases under the Bankruptcy Code, including chapter 11 cases. Rule 60 provides the mechanism for seeking relief from an order, including an order

---

[7]*See, Williams v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 415408, *4 (Tex.App.-Texarkana Feb. 5, 2010)(recognizing that parol evidence can be used to show mutual mistake for the purpose of seeking reformation of a contract); *Ochoa v. City of Galveston*, 2009 WL 618694, *3 (Tex.App.-Houston [1 Dist.] Mar. 12, 2009)(stating that the party seeking reformation of a contract must demonstrate that the agreement contains a term by mutual mistake of the parties to the agreement, and that to prove a mutual mistake, "a party may use parol evidence.")(citations omitted).

confirming a plan. In order to obtain relief from the designation of MLG as the transferee of the Operating Rights and Working Interests under the Golden Oil Plan and Golden Confirmation Order based on mistake, Platinum must proceed under Rule 60, Fed.R.Civ.P. (footnotes omitted)

*See* Memorandum Opinion, pp. 32-33 (Docket No. 258).

    2.    <u>Extrinsic Evidence is Not Considered in Violation of the Parol Evidence Rule Even if No Objection is Made to Its Admissibility.</u>

Platinum argues that the Court inappropriately failed to consider for the purpose of interpreting the Golden Oil Settlement Agreement, Golden Oil Plan, and Golden Oil Confirmation Order, certain evidence admitted without objection by the Nation. Platinum further argues that the Court inappropriately failed to consider the following three documents in connection with the cross-motions for summary judgment to which objection was made by the Nation: 1) a draft Memorandum of Understanding; 2) a Resolution by the Nation; and 3) e-mail correspondence from the Nation's attorney, Ms. Shannon Atcitty. The Nation objected to admission of those documents Federal Rule of Evidence 408(a) as communications made in the course of compromise or settlement negotiations. Platinum reasons that because the Nation did not present evidence that those documents in fact were made in made in the course of compromise or settlement negotiations, and because the Court found that the evidence was insufficient to determine whether the evidence at issue fell within Rule 408(a), the Court was required to overrule the objection, admit the evidence, *and* consider the evidence in reaching its decision

Platinum cites several authorities for the proposition that a party who fails to object to the admission of evidence at the time it is offered has waived the objection.[8] This statement of the law is correct insofar as it prohibits a party who fails to object to the admission of extrinsic

---

[8]*See, e.g., ABC Elec., Inc. v. Nebraska Beef, Ltd.* 249 F.3d 762, 767 (8th Cir. 2001); *McClaran v. Plastic Indus., Inc.* 97 F.3d 347, 357 n. 9 (9th Cir. 1996).

-6-

evidence at the time it is offered from later objecting to the Court's consideration of the extrinsic evidence to interpret an agreement on grounds that it violates the parol evidence rule.[9] However, because extrinsic evidence is only relevant upon an initial finding that an agreement is ambiguous, the Court is not required to consider extrinsic evidence admitted without objection to construe an agreement if the Court concludes that under the parol evidence rule evidence extrinsic to the contract should not be considered.[10]

"The parol evidence rule is not a rule of evidence at all, but a rule of substantive law."[11] Consequently, regardless of whether the extrinsic evidence is admitted over objection or without objection, the question still remains for decision by the Court whether, under the parol evidence rule, the extrinsic evidence should be considered to interpret a contract.[12] This general rule is consistent with Texas law:

> The parol evidence rule is not a rule of evidence, but a rule of substantive law that bars the court from consideration of evidence violative of the rule **even though it is admitted without objection."**

---

[9] In *ABC Elec.,* the Eighth Circuit Court of appeals declined to review the question of whether the district court erred in admitting parol evidence, finding that by not objecting to the admission of parol evidence at trial, the parties affirmatively waived that argument. *ABC Elec.,* 249 F.3d at 767. Extrinsic evidence was admitted at trial, but the district court nevertheless found that the contract at issue was unambiguous. *Id.* at 766-767.

[10] *See Tackett v. Cunningham,* 91 S.W.2d 965, 968 (Tex.Civ.App.–San Antonio 1936)(acknowledging that "under familiar rules of established law, parol evidence, even though admitted without objection, cannot be given effect to vary or destroy . . . the plain provisions of written obligation.").

[11] *Hubacek v. Ennis State Bank*, 159 Tex. 166, 169, 317 S.W.2d 30, 31 (Tex. 1958)(citing *McCormick and Ray, Texas Law of Evidence,* 2nd Ed., § 1601)(remaining citations omitted). *See also, Ophthalmic Surgeons, Ltd. v. Paychex, Inc.*, 632 F.3d 31, 38 n.8 (1st Cir. 2011)(applying New York law); *Micrel, Inc. v. TRW, Inc.*, 486 F.3d 866, 874 (6th Cir. 2007)(applying Ohio law); *Stockton East Water Dist. v. U.S.*, 70 Fed.Cl. 515, 532 (Fed.Cl. 2006)(applying federal common law); *Baum v. Great Western Cities, Inc., of New Mexico*, 703 F.2d 1197, 1205 (10th Cir. 1983) ("The parol evidence rule is, of course, fundamentally rule of substantive law, not the law of evidence." - applying New Mexico law); *In re Arlington Hospitality, Inc.* 368 B.R. 702, 715 n.12 (Bankr. N.D. Ill. 2007), *vacated on other grounds and remanded by Arlington LF, LLC v. Arlington Hospitality, Inc.*, 2007 WL 3334499 (N.D.Ill. 2007)("Despite its name, however, the parol evidence rule is a rule of substantive contract law, not a rule of evidence. Failure to object to the admission of parol evidence at trial therefore does not waive the rule's applicability.")(internal citation omitted); 9A Charles Alan Wright & Arthur R. Miller, Federal Practices and Procedure § 2405 (3rd ed. 2008)("The misnamed 'parol evidence rule' is not a rule of evidence at all but is one of substantive law . . .").

[12] *See Capp Indus., Inc. v. Schoenberg*, 104 Conn.App. 101, 110 n.6, 932 A.2d 453, 460 (Conn.App. 2007)("'if the [extrinsic] evidence is admitted over objection or without objection, the question still remains for decision by the court whether under the circumstances of the particular case, any agreement extrinsic to the writing, even if proved, can in law be effective to add to, subtract from or vary the terms of the writing.'")(quoting *Nagel v. Modern Investment Corp,* 132 Conn. 698, 700, 46 A.2d 605 (1946)(remaining citations omitted)).

-7-

> *Johnson v. Driver,* 198 S.W.3d 359, 364 (Tex.App.-Tyler 2006)(citing *Hubacek v. Ennis State Bank,* 159 Tex. 166, 317 S.W.2d 30, 32 (1958)(emphasis added)(remaining citation omitted)).[13]

Under the parol evidence rule, "'[e]xtrinsic evidence is excluded because it cannot serve to prove what the agreement was, this being determined as a matter of law to be the writing itself.'"[14] In other words, even if extrinsic evidence is admitted without objection, the extrinsic evidence is not considered if consideration of the evidence would violate the parol evidence rule because the extrinsic evidence has no probative value.[15]

In sum, because the Court based its ruling on the language of the Golden Oil Settlement Agreement, Golden Oil Plan, and Golden Oil Confirmation Order, and determined that the parol evidence rule barred consideration of evidence extrinsic to those documents, it did not need to consider the evidence to which the Nation objected under Rule 408, or certain other evidence proffered in support of or in opposition to the cross motions for summary judgment, regardless of whether that evidence was admitted with or without objection. Although the Court did not admit in evidence certain evidence Platinum contends the Court was required to admit, the Court did not need to consider that evidence because the Court found that the language in question in the Golden Oil Settlement Agreement, Golden Oil Plan and Golden Oil Confirmation Order was

---

[13] *Martin v. Xarin Real Estate, Inc.*, 703 F.2d 883, 891 n.13 (5th Cir.1983) ("In Texas, the Parol Evidence Rule is not a rule of evidence, but one of substantive law.")(citation omitted).

[14] *Micrel, Inc. v. TRW, Inc.*, 486 F.3d at 874 (quoting *Galmish v. Cicchini*, 90 Ohio St.3d 22, 734 N.E.2d 782, 789 (2000)). *See also Ross v. Stinnett,* 540 S.W.2d 493, 495 (Tex.Civ.App.-Tyler 1976)(citing *Miami Petroleum Co. v. Neal,* 333 S.W.2d 876 (Tex.Civ.App.– El Paso 1960, writ ref'd, n.r.e.).(remaining citation omitted))("Evidence admitted in violation of the rule is incompetent and without probative force, and it cannot properly be given legal effect."); *Helterbrand v. Five Star Mobile Home Sales, Inc.*, 48 S.W.3d 649, 658 (Mo.App. W.D. 2001)("The trial court cannot consider inadmissible parol evidence in interpreting a contract even if the evidence was admitted without objection.")(citation omitted).

[15] *See Herbert v. Polly Ranch Homeowners Ass'n*, 943 S.W.2d 906, 910 (Tex.App.-Houston 1996)(extrinsic testimony to be excluded under the parol evidence rule, "objected to or not, is without probative force and will not support any finding" regarding the meaning of a contract)(citation omitted).

unambiguous. The proffered extrinsic evidence had no probative value because its consideration would violate the parol evidence rule.

> 3. The agreements contained within the Golden Oil Plan and related writings are integrated for purposes of application of the parol evidence rule.

Platinum further asserts that the Golden Settlement Agreement, Golden Oil Plan and Golden Oil Confirmation Order did not together constitute a complete or integrated agreement; consequently the Court should have considered extrinsic evidence to determine what the parties intended. If an agreement is not integrated, the Court may consider evidence extrinsic to the agreement to determine the terms of the complete agreement reached by the parties.[16] "Whether there is an integrated agreement is to be determined by the court as a question preliminary to determination of a question of interpretation or to application of the parol evidence rule."[17]

When the parties intend the writing or writings to constitute the final expression of the terms of their agreement contained in the writings, the agreement is integrated.[18] An agreement is fully integrated when the parties intend that the writing or writings contain the complete and final expression of their agreement.[19] An agreement is partially integrated when the parties

---

[16] *See Starter Corp. v. Converse, Inc.* 170 F.3d 286, 295 (2nd Cir. 1999)("When an agreement is not integrated, the parol evidence rule does not apply and extrinsic evidence of a separate oral agreement can be considered.")(citation omitted); *Jack H. Brown & Co., Inc. v. Toys "R" Us, Inc.,* 906 F.2d 169, 174 (5th Cir. 1990)(upon a finding that a document is incomplete, the court may admit parol evidence); *Walley v. Bay Petroleum Corp.,* 312 F.2d 540, 544 (5th Cir. 1963)("if the writings are but a partial integration of the agreement, the rest of the agreement, or collateral agreements, may be shown through parol [evidence]."); *Morgan Buildings and Spas, Inc. v. Humane Society of Southeast Tex.,* 249 S.W.3d 480, 488 (Tex.App.-Beaumont 2008)(acknowledging that the trial court could consider extrinsic evidence of consistent additional terms to explain or supplement the terms of a partially integrated agreement).

[17] *Restatement (Second) of Contracts*, § 209(2) (1981). *See also Jack H. Brown & Co., Inc. v. Toys "R" Us, Inc.,* 906 F.2d at 174 (stating that "the trial court must make some threshold determination as to the incompleteness of the document before admitting parol evidence.").

[18] *See Restatement (Second) of Contracts*, § 209(1) (1981) ("An integrated agreement is a writing or writings constituting a final expression of one or more terms of an agreement.").

[19] *Starter Corp. v. Converse, Inc.,* 170 F.3d 286 at 295 ("A written contract is considered integrated when the parties intend it to constitute the complete and final expression of their agreement.")(citing *E. Allen Farnsworth, Contracts* § 7.3 (2nd ed. 1990)); *Rosero v. Fuentes*, 2011 WL 4017871, *5 (S.D.Tex. Sept. 8, 2011)(same - applying Texas law).

-9-

intend that a writing or writings contain the final expression of their agreement on the terms contained in the writings but the writings are not a complete expression of all terms upon which the parties have agreed. [20] If an agreement is partially integrated, the Court should consider evidence of consistent additional terms[21] but not terms that vary or contradict the terms of the partially integrated agreement.[22] A court should not consider parol evidence that conflicts with the part of the agreement that has been integrated in writing. *Security Bank v. Willett*, __ N.W.2d ___, 2011 WL 4916922 (Wis.App. Oct. 18, 2011).

Neither the Golden Oil Plan nor the Golden Oil Settlement Agreement contains an integration clause. Accordingly, the Court must determine whether the parties intended those writings to constitute the final expression of their agreement on the terms therein contained. The Court determines that the Golden Oil Plan, the Golden Oil Settlement Agreement, and the Golden Confirmation Order together constitute a final expression of the agreements among the parties reflected in those documents. This determination is made taking into account the special

---

[20]*Rosero v. Fuentes*, 2011 WL 4017871 at *5 ("A partially integrated agreement is a final and complete expression of all the terms addressed in that written agreement, but is no t a final and complete expression of all the terms the parties have agreed upon.")(quoting *Adams v. McFadden*, 296 S.W.3d 742, 752 (Tex.App.-El Paso 2009)(internal citations omitted)(citing *Morgan Buildings and Spas, Inc. v. Humane Society of Southeast Tex.,* 249 S.W.3d at 486)).
Starter Corp., 170 F.3d at 295 (2nd Cir. 1999); Rosero, 2011 WL 4017871 at *5)(applying Texas law).
[21]*John T. Jones Const. Co. v. Hoot General Const. Co., Inc*., 613 F.3d 778, 784-85 (8th Cir. 2010)(applying North Dakota law); *LIAC, Inc. v. Founders Ins. Co*., 222 Fed.Appx. 488, 496 (6th Cir. 2007)(applying Illinois law); *Gemini Electronics, Inc. v. U.S*., 65 Fed.Cl. 55, 63 (Fed. Cl. 2005), *aff'd,* 182 Fed.Appx. 990 (Fed.Cir. 2006)(unpublished)( "If the agreement is partially integrated, parol evidence may be introduced only to add consistent additional terms." (applying federal law)(citation omitted). *See also Restatement (Second) of Contracts* § 216(2) (1981)("An agreement is not completely integrated if the writing omits a consistent additional agreed term . . .").
[22]*See, e.g., Robb Evans & Associates, LLC v. Holibaugh*, 609 F.3d 359, 365 (4th Cir.2010)(acknowledging that "extrinsic evidence 'is inadmissible to vary or contradict the terms of a valid, and plain and unambiguous written contract.'" - applying District of Columbia law)(quoting *Affordable Elegance Travel, Inc. v. Worldspan, L.P.,* 774 A.2d 320, 327 (D.C. 2001)(quoting 17A Am.Jur.2d Contracts §402 (1991)(additional internal quotation marks omitted)); *In re Inofin, Inc*., 455 B.R. 19, 42 (Bankr. D.Mass. 2011)(applying Massachusetts law); *Pate v. Quick Solutions, Inc.*, 2011 WL 3449619, *8 (Ohio App. 10 Dist. Aug. 9, 2011)("A party may introduce extrinsic evidence to supplement, but not vary or contradict, the written terms of a partially integrated contract." - applying Ohio law)(citations omitted).

-10-

nature of an agreement contained in a chapter 11 plan and an order confirming the plan, and the information contained in the court approved Golden Oil Disclosure Statement.[23]

        a. *The Golden Oil Plan*

The confirmed Golden Oil Plan contains a provision that entry of a final order confirming the Plan constitutes approval of a compromise between the Golden Oil and MLG. The Plan purports to give a general summary of the compromise, and refers creditors and other parties in interest to the Golden Oil Settlement Agreement. Plan, ¶ 7.1. Although the confirmed Golden Oil Plan has indicia of a contract, a chapter 11 plan is much more than a contract.[24] Pursuant to 11 U.S.C. § 1141(a), the provisions of a confirmed chapter 11 plan "bind the debtor, … any entity acquiring property under the plan, and any creditor, … whether or not the creditor's claim or interest of such creditor … is impaired under the plan and whether such creditor … has accepted the plan." 11 U.S.C. § 1141(a). The plan is binding not only on creditors reaching agreements with the plan proponent that are contained in the confirmed plan, but also on affected creditors that did not participate in any plan negotiations or who oppose the plan. Further, an order confirming the plan is treated as a final judgment with *res judicata* effect.[25] A plan proponent is required to file and obtain court approval of a disclosure statement containing adequate information to permit creditors and other parties in interest to make an informed

---

[23] A bankruptcy court may consider the disclosure statement in connection with its interpretation of the plan . *See In re Captain Blythers, Inc.*, 311 B.R. 530, 537 (9th Cir.BAP 2004)(unpublished), *aff'd* 182 Fed.Appx. 708 (9th Cir. 2006)(interpreting the plan in light of the court approved disclosure statement). *Accord In re Thickstun Bros. Equipment Co., Inc.* 344 B.R. 515, 521-22 (6th Cir.BAP 2006). Although if a conflict exists between the plan and disclosure statement the terms the plan control. *See In re Futter Lumber Corp*., 2011 WL 5417094, *5 (Bankr. E.D.N.Y. Nov. 8, 2011)("If there is some ambiguity in the Plan and the terms of a disclosure statement are considered, where a conflict exists between the plan and disclosure statement, it is the terms of the plan that controls . . . ")(citations omitted).

[24] *See United States Trustee v. CF & I Fabricators of Utah, Inc. (In re CF & I Fabricators of Utah, Inc.)*, 150 F.3d 1233, 1239 (10th Cir.1998)("a reorganization plan has some indicia of a contract . . . . Yet it is also clear a confirmed plan is much more than a contract.").

[25] *See In re K.D.Co., Inc.,* 254 B.R. 480, 490 (10th Cir. BAP 2000)("A confirmation order is a final judgment in the case, and neither it nor the plan that it confirms may be attacked other than by filing a timely appeal.")(citing *Stoll v. Gottlieb,* 305 U.S. 165, 170-72, 59 S.Ct. 134, 83 L.Ed. 104 (1938)(remaining citation omitted)).

-11-

judgment about the plan. 11 U.S.C. § 1125(a)(1) and (b). Accordingly, a plan should not contain undisclosed terms.[26] The Court finds that agreements contained within the Golden Oil Plan and Golden Oil Confirmation Order, considered together with other writings made effective or that remain effective pursuant to the plan, including the Golden Oil Settlement Agreement, for purposes of applying the parol evidence rule are integrated agreements. Accordingly, the parol evidence rule applies.

        b. *The Golden Oil Settlement Agreement*

The Golden Oil Court, after notice to creditors and other parties in interest, entered an order approving the Golden Oil Settlement Agreement pursuant to Rule 9019, Fed.R.Bankr.P. That order provides that the compromise attached to the Motion for Approval of Compromise (i.e. the Golden Oil Settlement Agreement) is approved. A movant seeking approval of a compromise under Bankruptcy Rule 9019 is required to provide full disclosure to the Court of all terms of the proposed settlement, and full disclosure of those terms to parties in interest entitled to object unless the Court orders otherwise.[27] "A proposed settlement must be 'fair and equitable' and in the best interests of the [bankruptcy] estate."[28] Such a determination cannot be made by the Court without disclosure of all of the terms of the settlement. The Golden Oil Settlement Agreement was presented to the Golden Oil Court as containing the terms of the settlement set forth in the agreement. The Court finds that the Golden Oil Settlement Agreement was an integrated agreement.[29]

---

[26] The Court is not suggesting that there can never be circumstances in which certain plan terms remain confidential, such as parts of a settlement agreement approved by a plan which remain confidential with approval of the court.
[27] *See In re Nationwide Warehouse & Storage, LLC*, 2005 WL 6487199, *11 (Bankr. N.D.Ga. July 14, 2005)( "the integrity of the bankruptcy system depends on counsel providing full disclosure and proper notice of all proposed settlements.").
[28] *In re Moore*, 608 F.3d 253, 263 (5th Cir. 2010)(citation omitted).
[29] Platinum also argues that because the Golden Oil Plan defines the Golden Oil Settlement Agreement to include "any successor agreement," the agreements contained within the Golden Oil Plan are not integrated. The Court disagrees. The Golden Oil Plan should not be construed to bind third parties, including the DOI and Nation, to any

-12-

        4.      <u>The Court did not err by failing to consider evidence of occurrences that happened *subsequent* to confirmation of the Golden Oil Plan to interpret the terms of the Golden Oil Settlement Agreement, Golden Oil Plan and Golden Oil Confirmation Order.</u>

Platinum argues that nothing in the parol evidence rule excludes evidence of occurrences that happened subsequent to the agreement to be interpreted, and that the Court, therefore, should have considered evidence of the parties' conduct after the date the confirmation order was entered in the Golden Oil bankruptcy case. The Court disagrees.

Evidence of oral promises or conduct subsequent to an agreement may be considered to determine whether the parties modified the agreement.[30] However, subsequent conduct cannot be considered to determine the intended meaning of the agreement in the absence of an ambiguity.[31] Platinum seeks use of parol evidence of subsequent conduct to interpret terms of an agreement the Court has found to be unambiguous. The parol evidence rule bars consideration of such evidence for that purpose.

        5.      <u>It is not clear whether CFR 211.53 prohibits individuals from owning operating rights and working interests</u>.

Platinum also contends that the parol evidence rule does not exclude consideration of evidence of the parties intent that Platinum, not MLG, was the intended transferee of the

---

agreements Golden Oil and MLG may reach in the future or to constitute the Golden Oil Court's preapproval of any such agreements. Further, the Golden Oil Confirmation Order specifically identifies MLG as the transferee of the Operating Rights and Working Interests pursuant to the Golden Oil Settlement Agreement and Golden Oil Plan.

[30] *See, e.g., Sokol & Associates, Inc. v. Techsonic Indus., Inc.*, 495 F.3d 605, 610 (8th Cir 2007)(applying Minnesota law); *Volvo Const. Equip. North America, Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 598 (4th Cir. 2004)(applying South Carolina law). *Accord Digby v. Texas Bank*, 943 S.W.2d 914, 928 (Tex.App.–El Paso 1997)(" In the absence of an integrated written agreement, the rule serves only to exclude evidence of agreements made prior to or contemporaneously with a writing, not subsequent modifications.")(citation omitted).

[31] *See, e.g., Tremont LLC v. Halliburton Energy Services, Inc.,* 696 F.Supp.2d 741, 849 (S.D.Tex. 2010)(" Extrinsic evidence of subsequent conduct to determine the meaning of a contract generally cannot be considered in the absence of an ambiguity")(citations omitted); *Homac, Inc. v. DSA Fin. Corp.*, 661 F.Supp. 776, 786 (E.D.Mich. 1987)(stating that "in the absence of an ambiguity, judicial inquiries into parol evidence or subsequent conduct of the parties to determine their contractual intent should not be undertaken by the Court.")(citations omitted); *Doran v. Clubcorp USA, Inc.*, 2008 WL 451879, *2 (Tex.App.-Dallas Feb. 21, 2008)(unreported)("Because the contract is unambiguous, we must derive its meaning from its language alone, without considering extrinsic evidence such as the parties' subsequent conduct.")(citing *Sun Oil, Co. (Del.) v. Madeley,* 626 S.W.2d 726, 732 (Tex., 1981)).

Operating Rights and Working Interests under the Golden Oil Plan because exclusion of that evidence would lead to an absurd result.[32] Platinum argues that an interpretation of the Golden Settlement Agreement, Golden Oil Plan and Golden Oil Confirmation Order to mean that only MLG, and not an entity to be formed by MLG, could be the transferee of the Operating Rights and Working Interests would lead to a patently absurd result because under applicable federal regulations MLG was not legally capable of taking title to the Operating Rights and Working Interests.

MLG consists of a group of 36 individuals. Platinum asserts that under 25 C.F.R. § 211.53 more than one individual may not own the Operating Rights and Working Interests. 25 C.F.R. § 211.53(a) provides:

> Approved leases or any interest therein may be assigned or transferred only with the approval of the Secretary.

The definition section Part 211 of Title 25 provides:

> Lessee means a natural person, proprietorship, partnership, corporation, or other entity that has entered into a lease with an Indian mineral owner, or who has been assigned an obligation to make royalty or other payments required by the lease.

25 C.F.R. § 211.3

Because "lessee" includes "a natural person" the regulation contemplates that an individual can be a lessee of tribal owned oil and gas interests. Platinum asserts that because this definition uses the phrase "a natural person" rather than "natural person**s**" the regulations provide that only one individual, not a group of thirty-six individuals can be a lessee.

---

[32] There is case authority to support the proposition that parol evidence may be used to interpret a contract if interpretation of the contract according to its literal terms would lead to an absurd consequence. *See, e.g., Seacor Holdings, Inc. v. Commonwealth Ins. Co.,* 635 F.3d 675, 680 (5th Cir. 2011)(observing that when the words of the contract "are clear, explicit, and lead to no absurd consequences, the contract must be interpreted within its four corners . . ." - applying Louisiana law). *See also Charter Asset Corp. v. Victory Markets, Inc. (In re Victory Markets, Inc.),* 221 B.R. 298, 310 (2nd Cir. BAP 1998)("An 'extrinsic' ambiguity exists 'when although the contract is clear at the semantic or literal level, anyone who knew something about the subject matter would realize that the contract probably did not mean what it said.'")(quoting *U.S. v. Nat'l Steel Corp.,* 75 F.3d 1146, 1149 (7th Cir. 1996)(remaining citations omitted)).

-14-

Platinum has offered no case law or agency interpretation of this regulation in support of its position. The Court has not found any case law or agency interpretation of this regulation that addresses whether the regulation prohibits or permits a group of individuals (as opposed to one natural person) from being the lessee of an oil and gas lease under which the lessor is an Indian mineral owner, or from owning other interests such as operating rights acquired by the lessee under the lease. The most natural reading of 25 C.F.R. §§ 211.3 and 211.53 is that the reference in 25 C.F.R. § 211.3 to "a natural person, proprietorship, partnership, corporation, or other entity" is descriptive of the type of person that may be a lessee and does not limit a lessee to a single natural person, proprietorship, partnership, corporation, or other entity. One consequence of Platinum's suggested interpretation of the regulation would be that more than one corporation or other entity could not be a lessee of tribal owned oil and gas interests. Further, the interest at issue here is not the leasehold interest but operating rights acquired by a lessee under a lease and working interests derived from the rights of the lessee. Absent evidence that the Bureau of Indian Affairs in its administration of 25 C.F.R. § 211.53 interprets the regulation in the manner Platinum urges the Court to adopt, no grounds exist to change this portion of the Court's ruling denying summary judgment through a motion for reconsideration under Rule 59, Fed.R.Civ.P.

> B. *Platinum's remaining alleged errors of law are not appropriate grounds for reconsideration*

Platinum asserts that the Court erred in determining that the Nation can, by ordinance, require its approval of any transfer of operating rights. The Memorandum Opinion did not make such a determination. Instead, the Court observed that uncertainties in the operation of 25 C.F.R. § 211.53 make it such that the Court could not determine what approvals are required. Consequently, there is nothing for the Court to reconsider as to this issue.

Finally, Platinum argues that the Court erred in determining that the Department of Interior ("DOI") did not approve a transfer of the Operating Rights and Working Interests to Platinum because the DOI, by failing to respond to Platinum's Motion for Summary Judgment, is deemed to have admitted all facts contained within Platinum's statement of uncontested facts filed in support of its motion. New Mexico Local Bankruptcy Rule 7056-1(c) provides that, in connection with motions for summary judgment, "[a]ll material facts set forth in movant's statement that are properly supported shall be deemed admitted unless specifically controverted." NM LBR 7056-1(c). Platinum's motion for summary judgment did not request judgment against any particular party, only that a judgment be entered in favor of Platinum determining that Platinum owns the Operating Rights and Working Interests. The DOI did not participate in the contested matter in which Platinum and the Nation filed their cross-motions for summary judgment. Although the DOI, as a party in interest in the bankruptcy case with an opportunity to participate in the contested matter, is bound by any grant or denial of summary judgment in the contested matter, the DOI was not required to participate in the contest matter. The DOI could rely on the Nation to controvert facts to avoid those facts being established for purposes of summary judgment and for other purposes. It is not appropriate to alter the Court's ruling based on alleged deemed admissions under NM LBR 7056-1(c) by a party choosing not to participate in the contested matter.

CONCLUSION

Because none of the arguments raised by Platinum in its Motion are proper grounds to alter or amend the Court's Memorandum Opinion and Order,

IT IS HEREBY ORDERED that the Motion is DENIED.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: December 12, 2011

COPY TO:

**Roger Jones**
**Austin L. McMullen**
Bradley Arant Boult Cummings LLP
Attorneys for Debtor
1600 Division St, STE 700
Nashville, TN 37203

**Jennie D Behles**
Local Counsel for Debtor
PO Box 7070
Albuquerque, NM 87194-7070

**Robert J. Labate**
Holland & Knight LLP
Attorney for Jicarilla Apache Nation
131 S. Dearborn
Chicago, ILL 60603